IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISCO INDUSTRIES, INC. | § | CIVIL ACTION NO. _____ |
| | § | |
| V. | § | |
| | § | |
| PRIME PIPE, LLC AND CAREY | § | |
| POARCH II | § | JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT AND JURY DEMAND**
**BY PLAINTIFF ISCO INDUSTRIES, INC.**

ISCO Industries, Inc. files this its Original Complaint and Jury Demand, complaining of Defendants Prime Pipe, LLC and Carey Poarch II, and would respectfully show the following:

**I.**
**PARTIES**

1. Plaintiff ISCO Industries, Inc. ("Plaintiff" or "ISCO") is a Kentucky corporation with its principal place of business in Louisville, Jefferson County, Kentucky.

2. Defendant Prime Pipe, LLC ("Prime") is a Texas Limited Liability Company that maintains its principal place of business in The Woodlands, Texas. Upon information and belief, the managing member of Prime is an individual resident and citizen of the State of Texas. Upon further information and belief, no other members of Prime, if any, are citizens of the State of Kentucky. Prime may be served with process through its Registered Agent, Carey W. Poarch II, at 24800 Pitkin Road, Suite A, The Woodlands, Texas 77386.

3. Defendant Carey Poarch II ("Poarch") is the managing member of Prime Pipe, LLC and an individual guarantor of the debts and obligations of Prime. Poarch is a

resident and citizen of the State of Texas, and may be served at 324 Tara Park, Conroe, Texas 77302, or wherever he may be found.

## II.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties, and ISCO seeks monetary relief exceeding $75,000 exclusive of interest and costs.

5. This Court has personal jurisdiction over Prime and Poarch because each is a citizen and resident of the State of Texas.

6. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391.

## III.
## FACTS APPLICABLE TO ALL CAUSES OF ACTION

7. Prime served as a contractor or subcontractor on a renewable energy project in Yakima County, Washington (the "Project"). Prime's primary role in the Project was to install a certain type of high-density polyethylene ("HDPE") pipe leading from an agricultural operation to transport certain materials from the agricultural operation for use in renewable energy projects.

8. On February 26, 2021, Prime completed a Credit Application Agreement ("Credit Agreement") with ISCO, requesting credit in the amount of $300,000.00, purportedly to purchase HDPE pipe and other goods and services from ISCO that Prime would ultimately utilize on the Project. Poarch signed the Credit Agreement as Prime's Managing Member.

9. The Credit Agreement also included a Personal Guarantee ("Personal Guarantee"), which Poarch signed in his individual capacity. The Personal Guarantee

obligated the guarantor to provide prompt and unconditional payment of amounts owed to ISCO, including without limitation late charges and attorney fees up to $500,000.00.

10. Following execution of the Credit Agreement, Prime submitted various Purchase Orders to ISCO for HDPE pipe and other goods. ISCO fulfilled each of the Purchase Orders, delivering HDPE pipe and other goods for Prime's use.

11. On March 26, 2021, Prime entered into an Equipment Rental Agreement ("Rental Agreement") with ISCO. Under the Rental Agreement, ISCO agreed to and did rent to Prime certain goods and/or services necessary for the Project, including machinery to fuse the various lengths of HDPE pipe together, and multiple items of datalogging equipment, which are tablet-like devices that log data on the pipe and fusion joints.

12. After completing a portion of its work on the Project and receiving certain amounts in payment for that work, Prime apparently abandoned the Project and did not complete the work.

13. Likewise, Prime failed to pay to ISCO any of the amounts due and owing to ISCO for the HDPE pipe and other goods delivered by ISCO to Prime. Prime has also failed to pay ISCO any of the amounts due and owing to ISCO for the goods and/or services provided by ISCO to Prime under the Rental Agreement. Prime has additionally failed to return to ISCO the various items of rental goods provided by ISCO to Prime under the Rental Agreement.

14. The total amount owed by Prime and Poarch to ISCO for the goods and/or services provided by ISCO is approximately $338,695.01, plus penalties, fees, and interest, which continue to accrue. In addition to the amounts due and owing on open invoices, ISCO has suffered loss of the items of rental goods and related loss of use and

lost profits from those rental goods as a result of Prime's and Poarch's failure to return those items.

15. ISCO made demand for payment on Prime and Poarch on July 29, 2021 for all amounts outstanding and for return of the missing rental goods, and likewise made demand for payment for all amounts outstanding on Poarch in his capacity as guarantor. Both Prime and Poarch failed to respond to ISCO's demand.

## IV.
## CAUSES OF ACTION

**A.   BREACH OF CONTRACT.**

16. ISCO incorporates by reference the above paragraphs as if set forth fully herein.

17. Prime entered into the Credit Agreement and the Rental Agreement with ISCO. ISCO provided goods and services to Prime under the Credit Agreement and the Rental Agreement, which Prime accepted and became bound to pay ISCO its designated charges in accordance with the terms of the Credit Agreement and the Rental Agreements.

18. Prime has, however, failed to comply with its obligations under the Credit Agreement and the Rental Agreement by, among other things, failing to pay to ISCO all amounts due and owing under the Credit Agreement and Rental Agreement and by failing to return the rental equipment under the Rental Agreement.

19. As a result of Prime's failure to comply with the Credit Agreement and the Rental Agreement, Prime has breached both the Credit Agreement and the Rental Agreement. As a direct and proximate result of Prime's breaches, ISCO has been damaged in the amount of $338,695.01, plus penalties, fees, and interest, which continue to accrue. In addition, ISCO has suffered additional damages beyond the outstanding invoice

amount as a result of Prime's failure to return various items of rental goods provided by ISCO to Prime under the Rental Agreement.

20. As a result of Prime's breaches of the Credit Agreement and the Rental Agreement, ISCO is entitled to recovery the amounts due and owing of $338,695.01, plus penalties, fees, and interest, which continue to accrue, and additional amounts to compensate for the non-returned rental goods. ISCO is further entitled to recovery of interest and reasonable and necessary attorneys' fees.

**B.    BREACH OF GUARANTEE.**

21. ISCO incorporates by reference the above paragraphs as if set forth fully herein.

22. Additionally and in the alternative, Poarch executed a Personal Guarantee in favor of ISCO, personally guaranteeing to provide prompt and unconditional payment of amounts owed to ISCO under the Credit Agreement. Although ISCO has made demand for payment upon Poarch for all amounts due and owing to ISCO, Poarch failed to make such prompt and unconditional payment of those amounts as obligated under the Personal Guarantee.

23. As a result of Poarch's failure to comply with the Personal Guarantee, Poarch has breached the Personal Guarantee. As a direct and proximate result of Poarch's breach, ISCO has been damaged in the amount of $338,695.01, plus penalties, fees, and interest, which continue to accrue. In addition, ISCO has suffered additional damages beyond the outstanding invoice amount as a result of Prime's failure to return various items of rental goods provided by ISCO to Prime under the Rental Agreement.

24. As a result of Poarch's breach of the Personal Guarantee, ISCO is entitled to recovery the amounts due and owing of $338,695.01, plus penalties, fees, and interest,

which continue to accrue, and additional amounts to compensate for the non-returned rental goods.  ISCO is further entitled to recovery of interest and reasonable and necessary attorneys' fees.

**C.  QUANTUM MERUIT**

25. ISCO incorporates by reference the above paragraphs as if set forth fully herein.

26. Additionally and in the alternative, ISCO provided good and valuable materials, services, and other benefits to Prime and Poarch for their use on the Project, which Prime and Poarch accepted and put to use on the Project.  Prime and Poarch had reasonable notice that ISCO expected compensation for the good and valuable materials, services, and other benefits it provided to Prime and Poarch.

27. Although ISCO made demand upon Prime and Poarch for payment of the amounts due and owing to ISCO for the materials, services, and other benefits provided, Prime and Poarch have failed to compensate ISCO for such amounts.

28. As a result of Poarch's failure to compensate ISCO for the value of the materials, services, and other benefits ISCO provided to Prime and Poarch, ISCO has been damaged in the amount of $338,695.01, plus penalties, fees, and interest, which continue to accrue.  In addition, ISCO has suffered additional damages as a result of Prime's failure to return various items of rental goods provided by ISCO to Prime under the Rental Agreement.

29. As a result, ISCO is entitled to recovery of the reasonable value of the materials, services, and other benefits provided to Prime in the amount of $338,695.01, plus penalties, fees, and interest, which continue to accrue, and additional amounts to

compensate for the reasonable costs of the non-returned rental goods. ISCO is further entitled to recovery of interest and reasonable and necessary attorneys' fees.

### D. TEXAS THEFT LIABILITY ACT.

30. ISCO incorporates by reference the above paragraphs as if set forth fully herein.

31. Additionally and in the alternative, Prime and Poarch are liable to ISCO under the Texas Theft Liability Act, Texas Civil Practice & Remedies Code § 134.002(3). As set forth above, ISCO provided good and valuable materials, services, and other benefits to Prime and Poarch for their use on the Project, which Prime and Poarch accepted and put to use on the Project. Additionally, ISCO and Prime entered into a Rental Agreement, under which ISCO provided various ISCO-owned rental materials and equipment to Prime. Although ISCO has demanded payment for the good and valuable services provided and for return of the various rental materials and equipment provided to Prime under the Rental Agreement, Prime has refused to pay ISCO for the services provided or return the rental materials and equipment to ISCO, all with the intent to avoid payment for services and/or to deprive ISCO of its property.

32. As a result of Prime's appropriation of ISCO's property without ISCO's consent and Prime's refusal to return ISCO's property, Prime is liable to ISCO under the Texas Theft Liability Act. As a direct and proximate result of Prime's appropriation of ISCO's property without ISCO's consent, ISCO has suffered damages in excess of the jurisdictional minimums of this Court. Accordingly, ISCO is entitled to recover damages including, but not limited to, actual damages and additional statutory damages, costs, and reasonable and necessary attorneys' fees, all as set out more fully in the Texas Theft Liability Act.

### E.  CONVERSION.

33.  ISCO incorporates by reference the above paragraphs as if set forth fully herein.

34.  Additionally and in the alternative, ISCO and Prime entered into a Rental Agreement, under which ISCO provided various ISCO-owned rental materials and equipment to Prime.  Although ISCO has demanded return of the various rental materials and equipment provided to Prime under the Rental Agreement, Prime has refused to return the rental materials and equipment to ISCO with the intent to deprive ISCO of its property.

35.  As a result of Prime's conversion of ISCO's property without ISCO's consent and Prime's refusal to return ISCO's property, Prime is liable to ISCO for conversion.  As a direct and proximate result of Prime's appropriation of ISCO's property without ISCO's consent, ISCO has suffered actual damages in excess of the jurisdictional minimums of this Court.  Accordingly, ISCO is entitled to recover damages including, but not limited to loss of value and loss of use of ISCO's converted property, lost profits, and costs.

### F.  FRAUDULENT INDUCEMENT.

36.  ISCO incorporates by reference the above paragraphs as if set forth fully herein.

37.  Additionally and in the alternative, Prime and Poarch made certain material representations to ISCO in order to induce ISCO to enter in the Credit Agreement and the Rental Agreement with Prime, as personally guaranteed by Poarch – namely, that Prime and Poarch intended to utilize the goods and services comply with the terms of the Credit Agreement and the Rental Agreement and provide timely and proper payment to ISCO for goods and services provided by ISCO under the Credit Agreement and the Rental

Agreement. However, Prime and Poarch knew such material representations made to ISCO were false inasmuch as neither Prime nor Poarch intended to comply with the Credit Agreement or the Rental Agreement, just as Prime failed to complete its work for the Project on which the ISCO-provided goods and materials were to be used.

38. Prime and Poarch intended that ISCO rely upon their material, false misrepresentations, which ISCO did to its detriment. As a result of Prime's and Poarch's material, false misrepresentations, which ISCO relied upon to its detriment, ISCO has suffered damages in excess of the jurisdictional minimums of this Court, including the outstanding amount of $338,695.01, plus penalties, fees, and interest, which continue to accrue, and additional amounts to compensate for the reasonable costs of the non-returned rental goods. Accordingly, ISCO is entitled to recover damages including, but not limited to, actual damages, out-of-pocket damages, benefit of the bargain damages, injury to property, and costs.

## V.
## DAMAGES

39. ISCO incorporates by reference the above paragraphs as if set forth fully herein.

40. As a direct and proximate result of Prime's and Poarch's breaches of contract, theft, conversion, fraudulent inducement, failure to provide reasonable compensation for goods and services provided, and other wrongful conduct as alleged herein and made the basis of this suit, ISCO has suffered damages as follows:

   a. Actual damages in excess of the jurisdictional minimums of this Court, including, but not limited to, amounts due under the Credit Agreement, the Rental Agreement, and the Personal Guarantee in the amount of $338,695.01, plus penalties, fees, and interest, which continue to accrue;
   b. General damages;

   c. Out-of-pocket damages;
   d. Benefit of the bargain damages;
   e. Special, incidental and consequential damages, including, but not limited to, loss of revenue and lost profits;
   f. Prejudgment interest as provided by law;
   g. Post-Judgment interest at the maximum rate provided by law;
   h. Costs of Court;
   i. Attorneys' fees; and
   j. All such other and further relief, whether at law or in equity, to which ISCO may show itself justly entitled.

## VI.
## ATTORNEYS' FEES

41. ISCO is entitled to recover its attorneys' fees incurred in connection with this suit under the express terms of the Credit Agreement, the Rental Agreement, and the Personal Guarantee at issue. Additionally and in the alternative, ISCO is entitled to recover its reasonable and necessary attorneys' fees in accordance with Texas Civil Practice & Remedies Code § 38.001, *et seq*. Additionally and in the alternative, ISCO is entitled to recover its reasonable and necessary attorneys' fees under the theories of quantum meruit, Texas Theft Liability Act, and all other pleaded causes of action allowing for the recovery of such fees under the applicable law.

## VII.
## CONDITIONS PRECEDENT

42. All conditions precedent to the bringing of this suit have been performed by ISCO and/or have occurred.

## VIII.
## JURY DEMAND

43. In accordance with Rule 38 of the Federal Rules of Civil Procedure, ISCO hereby demands trial by jury on all issues.

## IX.
## CONCLUSION AND PRAYER

For these reasons, ISCO Industries, Inc. respectfully requests (i) that the Court issue process against Defendants Prime Pipe, LLC and Carey Poarch II, summoning them to appear and answer, all and singular, the matters and claims asserted herein; (ii) that upon trial the Court enter judgment in its favor awarding the amount of damages determined including an award of actual, direct, economic, consequential, and incidental damages suffered, pre- and post-judgment interest, attorneys' fees, and costs of suit; and (iii) that it be awarded all such other and further relief, whether at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: */s/ Kenneth W. Bullock*
Kenneth W. Bullock
State Bar No. 24055227
Federal I.D. No.: 675132
**FROST BROWN TODD LLC**
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone: (713) 590-9300
Facsimile: (713) 590-9399
kbullock@fbtlaw.com

**ATTORNEY FOR PLAINTIFF
ISCO INDUSTRIES, INC.**

0137280.0746917 4831-5584-8949v1